Guinness Ohazuruike, Esq.
Nevada Bar No. 11321
GUINNESS LAW FIRM
6845 W. Charleston Blvd #A
Las Vegas, Nevada 89117
Tel: (702) 473-9300
Fax (702) 920-8112
guinnesslaw@gmail.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA.

| | |
|---|---|
| JENNIFER BEST, an individual; JENNIFER BEST, as Legal Guardian of COLLIN BEST | Case No. |
| Plaintiff**,** | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CLARK COUNTY DETENTION CENTER; Officer B. WOOD P#17066; Officer P. LEAVITT P#17178; Officer J. WHEELER P#18202; Officer C. MENDOZA P#17948; Officer L. BELL P#13591; Officer E. KOFFORD P#18711; Officer V. CONOVER P#18388; DOE Officers I – X, inclusive; | |
| Defendants, | |

COMES NOW Plaintiff, Jennifer Best, by and through her counsel Guinness Ohazuruike, Esq. of Guinness Law Firm, and alleges against Defendants as follows:

## PARTIES

1. Plaintiff, Jennifer Best, is the mother and legal guardian of Collin Best, an adult residing in Las Vegas, Clark County, and suffering from severe diminished capacity due to mental disabilities.

2. Defendant, Las Vegas Metropolitan Police Department, is a political subdivision of the City of Las Vegas under the control and supervision of the City of Las Vegas.

3. Defendant, Clark County Detention Center, is owned, controlled and operated and supervised by Clark County, is a political subdivision of the State of Nevada.

4. Defendant, Officer B. Wood P#17066 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department on duty and involved in the alleged acts.

5. Defendant, Officer P. Leavitt P#17178 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department on duty and involved in the alleged acts.

6. Defendant, Officer J. Wheeler P#18202 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department on duty and involved in the alleged acts.

7. Defendant, Officer C. Mendoza P#17948 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department on duty and involved in the alleged acts.

8. Defendant, Officer L. Bell P#13591 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department deployed at the Clark County Detention Center and involved in the alleged acts.

9. Defendant, Officer E. Kofford P#18711 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department deployed at the Clark County Detention Center and involved in the alleged acts.

10. Defendant, Officer V. Conover P#18388 is an employee, agent, and or officer of Las Vegas, Metropolitan Police Department deployed at the Clark County Detention Center and involved in the alleged acts.

11. Defendants DOE I through X, inclusive are persons or officers who are or may also be responsible for or who directed or assisted in the wrongful actions of Defendants or who may be individual officers, employees, or agents or the named Defendants.

COMPLAINT AND JURY DEMAND

12. The true identities of the DOE, I – X, are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOE I – X, are or may be responsible in part for the damages or injuries suffered by Plaintiff because of their wrongful actions and/or those of their agents and/or employers. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE I – X are discovered.

13. Defendants, Las Vegas Metropolitan Police Department & Clark County Detention Center are liable for the acts and misconducts of the individual officers, agents, and employees which resulted in Plaintiff injuries and damages pursuant to the doctrine of *respondeat* superior and/or vicarious liability and/or agency in that each of the individual defendants was acting in the course of his employment and within the scope of its employment as officers of LVMPD at the time and date alleged herein.

## JURISDICTION AND VENUE

14.  This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights secured under the Fourth and Fourteenth and Eighth Amendments of the United States Constitution, The Constitution of The State of Nevada, and other claims which arise out of state law.

15. The jurisdiction of this Court is predicated upon 28 USC §1331, §1343(a)(3)(4), and §1367(a) to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

16. The Court also has jurisdiction over Plaintiff's claims of violations of his civil rights predicated under 42 U.S.C. § 1983 and pendant jurisdiction over Plaintiff's state law claims pursuant to 28 USC §1367(a).

17. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 USC §1391(b), wherein acts and omissions giving rise to this suit and all the alleged wrongful conducts occurred.

## FACTUAL ALLEGATIONS

18. Collin Best is a young adult male suffering from severe diminished capacity due to mental disabilities.

_____
COMPLAINT AND JURY DEMAND

19. A court of competent jurisdiction has granted legal guardianship to Jennifer Best to oversee the life and affairs of Collin Best, her son.

20. The guardianship of Collin Best and the information of his guardian was a matter of public records available to Defendants and their resource centers.

21. On January 28, 2023 at 5:30pm Jennifer Best reported Collin Best missing.

22. The report of the missing person was taken and available to the Defendants.

23. On the same January 28, 2023 at 7:30pm Defendants arrested Collin Best without justification or probable cause.

24. Collin Best was cooperative until Defendants started using physical, brutal force.

25. Defendants purporting to search Collin's pockets surrounded him, wrestled him, and slammed his body on the hard ground and handcuffed his wrist very tightly.

26. Defendants did not tell Collin why he was arrested as they rough-handled him despite his inquiries. Collin did not understand what was happening and why.

27. Defendants wrestled and smashed Collin to the ground causing injuries on his wrist, inflicting serious bodily injury, and laughing and mocking him about it.

28. Collin Best suffered severe injuries including wrist laceration evident in intense swelling, bruising, bleeding, discoloration, and injury on the forehead.

29. Defendants surrounded him and unleashed their collective strength and continued to physically assault him, but they failed in their attempt to kill him.

30. Defendants eventually booked and dumped Collin Best into the Clark County Detention Center and abandoned him there.

31. Defendants failed to provide Collin Best with any psychological or any medical evaluation, examination, intervention, or assistance even though his mental disabilities were obvious and available in public records within their reach.

32. Defendants failed to contact the legal guardian of Collin Best, on public records.

33. While Collin was in their custody, Defendants subjected him to various abusive and humiliating treatment, even when they have access to public records showing that Collin has diminished mental capacity.

34. Defendants held him in custody and subjected him to abusive and humiliating treatment, and failed to contact his legal guardian although there was an official report of missing person filed with the relevant offices of the Defendants.

35. Defendants held Collin Best in custody for uncountable and unaccounted number of days: from the moment Defendants arrested and took Collin into custody on January 28, 2023 he remained a missing person despite search efforts and public announcements.

36. Defendants failed to release Collin to the safe custody of his mother and legal guardian, even when public records show (1) he has severe mental disabilities (2) has been reported missing and (3) his diminished mental capacity is obvious.

37. Aware of Collin's severe mental disabilities and in spite of his condition, the Defendants released him into the wild in care of no person, not even to the care of his mother and legal guardian who had earlier filed a missing person report.

38. Defendants, instead of releasing Collin Best to his mother and legal guardian, banished or deported him to a neighboring State as part of an ongoing policy of getting rid of undesirable elements from Las Vegas streets and tourist areas.

39. On February 23, 2023 Collin Best was found in Los Angeles in California, a neighboring state, after 27 days in the custody of Defendants.

40. Collin Best was found and recovered by the efforts of hired private investigators.

41. Defendants misconduct against Collin Best showed wanton disregard for his life and deliberate indifference to his severe mental disabilities and condition.

42. Plaintiff filed a complaint with the Police Internal Affairs Section and the matter was eventually closed.

43. Plaintiff referred the matter to the Citizens Review Board and the matter was also closed.

44. Plaintiff filed a timely claim for compensation for his injury, pain, and suffering.

FIRST CAUSE OF ACTION

(USE OF EXCESSIVE FORCE Re: FOURTH AND FOURTEENTH AMENDMENTS)

45. Plaintiff repeats allegations contained in preceding paragraphs by reference.

5

46. In committing the acts complained about the Defendants acted under the color of state law to violate Collin Best's constitutionally established and protected rights under the Fourth and Fourteenth Amendments of the United States Constitution including but not limited to freedom from use of unreasonable and excessive force, freedom from arbitrary government punishment without due process.

47. As a direct or proximate result of Defendant's use of excessive force in violation of his constitutional rights, Collin Best suffered special and general damages and he is entitled to $3,000,000 in general compensation or the maximum allowed under law.

48. As a direct or proximate result of the actions of Defendants and each of them, Plaintiff has been forced to retain the services of an attorney and is entitled to recover reasonable attorney fees and court costs.

## SECOND CAUSE OF ACTION
### (CRUEL AND UNSUAL PURNISHMENT Re: EIGHTH AMENDMENT)

49. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

50. In committing the acts complained about the Defendants acted in violation of Collin Best's constitutionally established and protected rights under the Eighth Amendment of the United States Constitution including but not limited to freedom from cruel and unusual punishment.

51. The actions of Defendants complained about constituted unwarranted and malicious infliction of pain and suffering of unusual and extreme cruelty, a wanton disregard for his life, and deliberate indifference to his severe mental disabilities, in custody.

52. The detention of Collin Best in Clark County Detention Center under the known circumstances was unlawful and the failure to release him properly and safely or alternatively deporting him to a neighboring State was an abuse of a person with disability, cruel and unusual punishment to a citizen.

53. As a direct or proximate result of Defendant's cruel and unusual punishment, Collin Best suffered special and general damages and he is entitled to $3,000,000 in general compensation or the maximum allowed under law.

COMPLAINT AND JURY DEMAND

54. As a direct or proximate result of the actions of Defendants and each of them, Collin Best has been forced to retain the services of an attorney and is entitled to recover reasonable attorney fees and court costs.

## THIRD CAUSE OF ACTION
### (CRUEL AND UNSUAL PURNISHMENT Re: NEVADA CONSTITUTION)

55. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

56. In committing the acts complained about the Defendants acted in violation of Collin Best's constitutionally established and protected rights under Article 1 §6 of the Constitution of The State of Nevada, which prohibits infliction of cruel and unusual punishment on a person.

57. The actions of Defendants complained about constituted unwarranted and malicious infliction of pain and suffering of unusual and extreme cruelty.

58. As a direct or proximate result of Defendant's cruel and unusual punishment, Collin Best suffered special and general damages and he is entitled to $3,000,000 general compensation or the maximum allowed under Nevada law.

59. As a direct or proximate result of the actions of Defendants and each of them, Plaintiff has been forced to retain the services of an attorney and is entitled to recover reasonable attorney fees and court costs.

## FOURTH CAUSE OF ACTION
### (ASSAULT)

60. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

61. Defendants and each one of them intentionally and unlawfully used physical force against Collin Best and intentionally placed him in reasonable apprehension of immediate bodily harm.

62. As a direct and proximate result of the intentional acts of Defendants and each of them, Plaintiff suffered bodily injuries including a laceration on his wrist.

63. As a direct or proximate result of Defendant's offensive acts or harmful contacts Collin Best suffered special and general damages and he is entitled to $3,000,000 general compensation or the maximum allowed under Nevada law.

64. As a direct or proximate result of the actions of Defendants and each of them, Plaintiff has been forced to retain the services of an attorney and is entitled to recover reasonable attorney fees and court costs.

FIFTH CAUSE OF ACTION
(BATTERY)

65. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

66. Defendants and each one of them intentionally and unlawfully used physical force and violence against the person of Collin Best.

67. As a direct and proximate result of the intentional and unpermitted physical contact and violence on his person, Collin suffered bodily injuries including lacerations on his wrist evident in intense swelling, bruising, bleeding, and discoloration.

68. As a direct or proximate result of Defendant's physical attacks or harmful contacts with his person, Collin Best suffered special and general damages and he is entitled to $3,000,000 general compensation or maximum allowed under Nevada law.

69. As a direct or proximate result of the actions of Defendants and each of them, Plaintiff has been forced to retain the services of an attorney and is entitled to recover reasonable attorney fees and court costs.

SIXTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON COLLIN BEST)

70. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

71. Defendants intentionally inflicted emotional distress on Collin Best by detaining him without lawful justification; failing to conduct any psychological or medical evaluation, examination while he was in their custody; failing to release him to the care of his legal guardian knowing he has severe mental disabilities; failing to release him to the care of his legal guardian knowing he had been reported mission; releasing him into the wild on a road to nowhere in the care of no person or deporting him to a neighboring State where he was thoroughly traumatized, submerged in misery, excruciating pain and suffering for 27 days but miraculously survived the imminent threat of death.

COMPLAINT AND JURY DEMAND

72. Defendants' conduct was extreme and outrageous, beyond all bounds of decency, and utterly intolerable in a civilized society.

73. Defendants' conduct caused Collin to suffer distress including nightmares, loss of sleep, anxiety, depression, recurring shock, trauma, and heightened reactions.

74. The emotional distress sustained by Collin Best was severe and of the nature that no reasonable person could be expected to endure.

75. Defendants extreme and outrageous conduct was done in reckless disregard of human life, reckless disregard of their victim's rights and severe mental disabilities.

76. As a direct and/or proximate cause of Defendants' extreme and outrageous conduct Collin Best has been injured in mind and body, suffered and continues to suffer mental trauma, severe emotional distress and he is entitled to compensation in the amount of $3,000,000.00.

<u>SEVENTH CAUSE OF ACTION</u>
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ON JENNIFER BEST)

77. Plaintiff repeats allegations contained in all preceding paragraphs by reference.

78. Defendants intentionally inflicted emotional distress on Jennifer Best by failing to release Collin Best to her care as legal guardian knowing he has severe mental disabilities; failing to release Collin Best to her care as legal guardian knowing he had been reported mission; releasing Collin Best into the wild on a road to nowhere instead of in the care the legal guardian or deporting him to a neighboring State compelling Jennifer Best to mount an extensive search party within and out of the State of Nevada for 27 days.

79. Defendants' conduct was extreme and outrageous, beyond all bounds of decency, and utterly intolerable in a civilized society.

80. Defendants' conduct caused Jennifer Best to suffer severe emotional distress including nightmares, insomnia, loss of appetite, and physical exhaustion.

81. The emotional distress sustained by Jennifer Best was severe and of a nature that no reasonable person could be expected to endure.

COMPLAINT AND JURY DEMAND

82. Defendants extreme and outrageous conduct was done in reckless disregard of the rights and responsibilities of Jennifer Best as the legal guardian of Collin Best.

83. As a direct and/or proximate cause of Defendants' extreme and outrageous conduct Jennifer Best has been injured in mind and body, suffered and continues to suffer severe emotional distress and she is entitled to compensation in the amount of $1,000,000.00.

## PUNITIVE DAMAGES

1. Defendants' conduct and treatments against Collin Best were severe and pervasive, intentional, oppressive, and reckless disregard of human life and citizen rights.

2. Plaintiff seeks exemplary punitive damages against Defendants of double or triple of the amount recoverable under the applicable federal law or NRS 42.005(1).

## PRAYER FOR RELIEF

WHEREOF Plaintiff demands judgment against Defendants as follows:

1. Award of $3,000,000 compensation to Plaintiff as legal guardian of Collin Best.

2. Award of $1,000,000 compensation to Plaintiff, Jennifer Best.

3. Award of reasonable attorney fees and Court costs incurred in this action.

4. Award of post-judgment interest at the legal rate or 8% until paid in full.

5. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff, Jennifer Best as legal guardian of Collin Best, exercises his right under the United States Constitution and applicable statutes and rules and requests that all issues of fact in this action be determined by a jury.

Dated this 29th day of June, 2023.

*/s/Guinness Ohazuruike___*
Guinness Ohazuruike, Esq.
GUINNESS LAW FIRM
6845 W Charleston Blvd #A
Las Vegas, Nevada 89117
Tel: (702) 473-9300
*Attorney for Plaintiff*

_____
COMPLAINT AND JURY DEMAND

## VERIFICATION OF COMPLAINT

CLARK COUNTY           }
STATE OF NEVADA       }

I, Jennifer Best an individual and as the legal guardian of Collin Best, affirms and states that I am Plaintiff in this proceeding; that I have read the Complaint thereof and the same is true to my personal knowledge except as to matters therein alleged upon information and belief, and as to those matters I believe them to be true.

"*I declare under penalty of perjury under the law of the United States and the State of Nevada that the foregoing is true and correct.*"

Dated this 29th day of June, 2023.                    */s/ Jennifer Best*
                                                                        JENNIFER BEST

COMPLAINT AND JURY DEMAND