# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Jennifer Best, individually and as mother and legal guardian on behalf of Collin Best,<br><br>Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>Defendants | Case No.: 2:23-cv-01005-JAD-NJK<br><br>**Order Sustaining in Part Objection to Bill of Costs**<br><br>[ECF No. 29] |

Jennifer Best, individually and as legal guardian of her son Collin Best, sued the Las Vegas Metropolitan Police Department and seven of its officers for events that transpired during Collin's[1] arrest, brief detention, and release from custody in January 2023. After I granted summary judgment in favor of the defendants on all claims,[2] they filed a bill of costs as the prevailing party in this action.[3] Best objects, citing financial hardship.[4] Because the defendants are entitled to some—but not all—of the requested costs, I sustain the objection in part and award the defendants $2,477.31 in costs.

## Discussion

**A.    As prevailing parties, the defendants are entitled to an award of costs.**

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides

---

[1] Because Jennifer Best and Collin Best have the same last name, I refer to Collin by his first name for clarity's sake. I intend no disrespect by doing so.

[2] ECF No. 26.

[3] ECF No. 28.

[4] ECF No. 29.

otherwise."[5]  Rule 54(d)(1) creates a "venerable presumption that prevailing parties are entitled to costs."[6]  The defendants prevailed in their suit against Best when judgment was entered in their favor.[7]  Because the defendants are the prevailing parties under Rule 54(d)(1), they are entitled to costs to be determined by the court.[8]

In her objection to the defendants' bill of costs, Best cites financial hardship as the sole reason that recalculation is merited.[9]  She explains that Collin suffers from a severely diminished mental capacity, relies on Medicaid benefits and Social Security stipends, and has no source of income or inheritance.[10]  As Collin's mother, caregiver, and legal guardian, Best says that she has been unable to hold outside employment for years.[11]  But Best cites no authority for the proposition that this court may deny costs based on financial hardship.  Rule 54(d)(1) mandates that the court award costs unless they are disallowed by statute, rule, or court order.[12]  So this court must determine whether the defendants' requested costs are permitted by this district's local rules.

**B.    An award of some fees for copies and depositions is permitted by the Local Rules.**

Local Rule (LR) 54-6(a)(1) permits an award of the "cost of copies of an exhibit necessarily attached to a filed document."[13]  The defendants attached as exhibit one to their bill

---

[5] Fed. R. Civ. Pro. 54(d)(1).

[6] *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013).

[7] ECF No. 26, 27.

[8] Fed. R. Civ. Pro. 54(d)(1).

[9] ECF No. 29 at 2, 3.

[10] *Id.*

[11] *Id.*

[12] Fed. R. Civ. Pro. 54(d)(1).

[13] LR 54-6(a)(1).

of costs the invoice for copies of Collin's medical records.[14]  Because these costs fall within the specified confines of LR 54-6(a)(1) as "copies of an exhibit attached to a filed document," I grant the defendants $1,838.91 in medical-record fees.[15]

The defendants also seek recovery for deposition fees.[16]  LR 54-4 allows for recovery of "[t]he cost of a deposition transcript, either the original or a copy, but not both," and the "[r]easonable costs of a deposition reporter."[17]  The rule also prohibits the "[p]ostage, handling, and delivery fees for deposition transcripts."[18]

The defendants attached as exhibit two to their bill of costs an invoice detailing the costs resulting from a deposition.[19]  Because the invoice includes a bulk entry for both the original transcript and a certified copy, I grant $423.40 in fees associated with the deposition transcripts, which is half the amount listed in the invoice for those transcripts.[20]  I also grant the $215 in court-reporter fees, but I deny the shipping and handling fees under LR 54-4.

**C.    The fees for printing, messenger services, scanning, and postage are not permitted by the Local Rules.**

Local Rule 54-11 outlines costs not ordinarily recoverable.[21]  Subsection (j) of that rule prohibits an award of fees generated from general office overhead.[22]  In exhibits three, four, and

---

[14] ECF No. 28 at 15–28.

[15] LR 54-6(a)(2).

[16] ECF No. 28 at 30.

[17] LR 54-4(a)(1)–(2).

[18] LR 54-4(b)(2).

[19] ECF No. 28 at 30.

[20] *Id.*

[21] LR 54-11(j).

[22] *Id.*

five, the defendants included invoices for the costs of a messenger service, scanning, and postage.[23]  Because all three of these costs fall within "general office overhead," I deny the defendants' requested $975.26 for these services.

**D.    The flat-fee retainer for the expert witness is not recoverable.**

Local Rule 54-11(h) specifies that expert-witness fees are costs ordinarily not allowed.[24] The defendants' request for $7,500 in expert-witness fees is a flat-fee retainer that is expressly not reimbursable under Local Rule 54-11(h).  So, I deny the $7,500 request for expert-witness fees.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's objection to the defendants' bill of costs [**ECF No. 29**] **is SUSTAINED IN PART**.  **The defendants' costs are re-taxed at $2,477.31**.  **The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT** reflecting this award in favor of the defendants.

_____
U.S. District Judge Jennifer A. Dorsey
October 14, 2025

---

[23] ECF No. 28 at 32, 34, 36.

[24] LR 54-11(h).